IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LACINDA SCHELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-4823 |
| | : | |
| LARRY LAFAVER, Constable, Individually and and in his Official Capacity as a Constable for Berks County and JOHN DOES 1-10, | : : : | |
| Defendants. | : : | |

## RULE 16 SCHEDULING ORDER

**AND NOW**, this   10th   day of January, 2013, following a telephone status conference with counsel pursuant to Rule 16 of the Federal Rules of Civil Procedure, **IT IS ORDERED** as follows:

1. All fact discovery in this case is to be completed by *April 10, 2013.*

2. Plaintiff shall be precluded from offering the testimony of expert witnesses at trial unless on or before *May 10, 2013*, Plaintiff provides Defendants' counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions of each such witness.

3. Defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before *June 10, 2013*, Defendants provide Plaintiff's counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions of each such witness.

2. Any dispositive motions, including motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall be filed and served on or before *June 24,*

*2013*.[1]

        3.  Any pretrial motions shall be filed and served on or before *August 5, 2013*.[2]

        4.  The parties shall file all motions and responses with the Clerk and serve a copy on this office.  All motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five (25) pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned except as permitted by Fed. R. Civ. P. 56.

        5.  On or before *September 11, 2013*, trial counsel for the parties shall file with the Clerk and serve a copy on this office and opposing counsel:

> (A)  Pretrial Memoranda on all legal and evidentiary issues expected to arise at trial.  Pretrial Memoranda shall be prepared in accordance with Rule 16.1(c) of the Local Rules of Civil Procedure and shall include the following:

---

[1] Upon any motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of or in opposition to a motion shall include pinpoint citations to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party may be taken by the Court as admitted unless controverted by the opposing party.

If at all possible, any deposition transcripts used as exhibits to these filings shall be submitted in an electronic format, able to be copied into Corel WordPerfect or Microsoft Word format.

[2] In addition, any party who contends that the proposed testimony of any expert witness is inadmissible in whole or in part, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), shall file a Daubert motion and proposed Order, accompanied by a brief, on or before this date.

        (1) a list of the identity of each expert witness to be called at the trial, if any;

        (2) a curriculum vitae for each expert witness listed;

        (3) a list of each fact witness to be called at the trial with a brief statement of the nature of their expected testimony (the failure to list a witness may result in the inability to call that witness during the offending party's case-in-chief);

        (4) an itemized statement of claimant's damages or other relief sought;

        (5) a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's best authority on each issue; and

        (6) a list of all exhibits to be used at the trial. Each party shall mark its trial exhibits **in advance of trial** with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2, D-1, D-2). Counsel shall exchange with each other copies of all documentary and photographic exhibits and shall provide an opportunity for opposing counsel to view any models or videotapes. On or before the Final Pretrial Conference, counsel shall provide the undersigned with two (2) copies of each exhibit, together with a schedule of exhibits that briefly describes each exhibit.[3]

(B) Requests for instruction to the jury with notation as to which instructions the parties agree upon and those that are in dispute, with

---

[3]     Counsel are encouraged to provide the Court with only the essential and relevant portions of bulky exhibits, together with sufficient material to provide context for the relevant portion of the exhibits.

    Counsel shall hole-punch the exhibits and place each marked copy into a binder with tabs (which correspond to each exhibit's number) for the undersigned's use at trial.

specific reasons why each is disputed.[4]  All instructions in dispute will be dealt with at the Pretrial Conference.

(C)  Requests for interrogatories (including any special interrogatories) to the jury with notation as to which interrogatories the parties agree upon and those that are in dispute, with specific reasons why each is disputed. All interrogatories in dispute will be dealt with at the Pretrial Conference.

(D) Voir dire questions to be utilized during the selection of the jury, and if any are disputed, specific reasons why each is disputed.  All voir dire questions in dispute will be dealt with at the Pretrial Conference.

6.  A Final Pretrial Conference will be held on *Wednesday, October 9, 2013*, at 9:30 a.m. before the undersigned in Courtroom A, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.

7.  Jury selection shall take place on *Wednesday, October 16, 2013* at 9:30 a.m. at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania in a Courtroom which will be disclosed to counsel at a later date.

8.  Trial of the within case shall commence immediately following jury selection on *Wednesday, October 16, 2013* in Philadelphia and shall continue on *Thursday, October 17,*

---

[4]  Counsel for the parties are required to jointly submit one set of agreed-upon jury instructions.  If, following a good faith effort, the parties cannot agree upon one complete set of jury instructions, they are required to submit one set of those jury instructions which have been agreed upon, and each party shall submit a supplemental set of jury instructions which are not agreed upon.

All proposed supplemental jury instructions shall be numbered and shall have pinpoint citations of authority for each point.  If a model jury instruction is submitted, counsel shall indicate whether the proposed jury instruction is modified or unchanged.

Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate.  A courtesy copy of these filings shall be submitted to chambers in hard copy, **as well as on a disk in Corel WordPerfect or Microsoft Word format.**

*2012* at 9:30 a.m. in Courtroom A, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.  This Order shall serve as a formal attachment for trial.

BY THE COURT:

 /s/ Henry S. Perkin
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE
